IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN PATRICK SOLOMON, et al.,

      Plaintiffs,                  No. 2:10-2565 KJM KJN (TEMP) PS

      v.

E-LOAN, INC., et al.,

      Defendants.             <u>ORDER</u>

_____/

      On December 21, 2010, defendants Wells Fargo Bank, Mortgage Electronic Registration Systems and John Kennerty ("Wells Fargo defendants") filed a motion to dismiss and a motion to strike.[1] (Dkt. Nos. 21, 22.) On December 28, 2010, defendant E-Loan, Inc. renoticed a motion to dismiss, which had previously been set for hearing in the Bankruptcy Court.[2] (Dkt. no. 24.) Both motions to dismiss were noticed for a hearing to take place on January 26, 2011. By minute orders, filed on January 11, 2011, and January 12, 2011, and served

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Plaintiffs filed an opposition to defendant E-Loan's motion in the Bankruptcy Court. The previously set hearing on defendant E-Loan's motion to dismiss was not heard in Bankruptcy Court due to the Motion for Withdrawal of Reference and the Motion for Stay of Proceedings.

on plaintiffs, the motions were reset before the undersigned for hearing on February 3, 2011. (Dkt. Nos. 27, 28.)  Pursuant to this court's Local Rules, plaintiffs were obligated to file and serve a written opposition or statement of non-opposition to the motion to dismiss and motion to strike filed by the Wells Fargo defendants at least fourteen days prior to the hearing date, or in other words by January 20, 2011.[3]  See E. Dist. Local Rule 230(c).[4]  The court's docket reveals that plaintiffs, who are proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to the Wells Fargo defendants' motion to dismiss and motion to strike.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court

---

[3] Opposition to the defendant E-Loan's motion to dismiss was filed in the Bankruptcy Court. (Dkt. No. 24, Exhibit B.)

[4] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

1  may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal
2  Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to
3  comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[5]
4  See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*
5  *sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S.</u>
6  <u>Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action
7  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute
8  or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52,
9  53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground
10 for dismissal."); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal
11 Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with
12 any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th
13 Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets
14 and may impose sanctions including dismissal).

15         In light of the foregoing, IT IS HEREBY ORDERED that:

16         1.       The hearing on the motions to dismiss and motion to strike (Dkt. Nos. 21,
17 22, 24), which is presently set for February 3, 2011, is continued until March 3, 2011.

18         2.       Plaintiffs shall file a written opposition to the Wells Fargo defendants'
19 motion to dismiss and motion to strike, or a statement of non-opposition thereto, on or before
20 February 17, 2011. *Plaintiffs' failure to file a written opposition will be deemed a statement of*
21 *non-opposition to the pending motion and consent to the granting of the motion to dismiss, and*
22 *shall constitute an additional ground for the imposition of appropriate sanctions, including a*

---

[5] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. <u>See</u>, e.g., <u>Trice v. Clark County Sch. Dist.</u>, 376 Fed. Appx. 789, 790 (9th Cir. 2010).

*recommendation that plaintiffs' case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

    3.    The Wells Fargo defendants may file a written reply to plaintiffs' opposition, if any, on or before February 24, 2011.

IT IS SO ORDERED.

DATED: January 21, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

solomon-bk.no-oppo