1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SEAN PATRICK SOLOMON, et al.,

11              Plaintiffs,              No. 2:10-cv-2565 KJM KJN (TEMP) PS

12        v.

13   E-LOAN, INC., et al.,               <u>ORDER AND</u>

14              Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>
     _____/

15

16              Defendants' motions to dismiss came on regularly for hearing March 3, 2011.

17   Plaintiffs appeared on their own behalf and are proceeding in this action without counsel.[1]  Yaw-

18   Jiun Wu appeared for defendants Wells Fargo, John Kennerty and Mortgage Electronic

19   Registration Systems, Inc. ("MERS"), (hereinafter collectively the "Wells Fargo defendants".)

20   Bernard Kornberg appeared for defendant E-Loan, Inc.  Brian Paino appeared telephonically for

21   defendants Cal-Western Reconveyance Corp., LSI Title, and Marco Marquesz, (hereinafter

22   collectively the "Cal-Western defendants".)  Upon review of the documents in support and

23   opposition, upon hearing the arguments of plaintiffs and counsel, and good cause appearing,

24   THE COURT FINDS AS FOLLOWS:

25   _____

26        [1] This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    This action was originally filed on August 9, 2010, as an adversary action in

2  bankruptcy court.  Plaintiffs allege state law claims arising out of the foreclosure sale of

3  plaintiffs' home, i.e. fraud, breach of fiduciary duty, breach of contract, breach of the implied

4  covenant of good faith and fair dealing, negligence, violation of the California Unfair

5  Competition Law ("UCL"), Cal. Business and Professions Code § 17200, quiet title, RICO, and

6  intentional misrepresentation.  A motion to withdraw the reference from the bankruptcy court

7  was made by the Wells Fargo defendants (dckt. no. 1) and the motion was granted by Judge

8  Mendez[2] in an order filed December 13, 2010.  (Dckt. no. 18.)  Judge Mendez also related the

9  case to a previously filed action, Solomon v. E-Loan, No. 2:10-cv-257 JAM KJM PS, which

10  alleged claims arising out of the same home loan.  The prior matter proceeded to final judgment

11  for defendant Wells Fargo and the remaining state law claims against the other defendants were

12  remanded to state court by order filed June 25, 2010.  (Solomon v. E-Loan, No. 2:10-cv-00257

13  JAM KJM PS, Dckt. nos. 55, 56.)

14    Before the matter was withdrawn from bankruptcy, defendant E-Loan noticed a

15  motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  An opposition and reply were

16  filed in the bankruptcy proceedings and that motion is now before the court.  (Dckt. no. 24.)

17  Also pending before the court are the motions to dismiss and to strike punitive damages

18  allegations brought by the Wells Fargo defendants. (Dckt. nos. 21, 22).  The Cal-Western

19  defendants filed a joinder in defendant E-Loan's motion to dismiss.  (Dckt. no. 44.)  The

20  undersigned has fully considered the parties' briefs and the record in this case and, for the

21  reasons stated below, recommends that defendants' motions to dismiss be granted and that the

22  action be dismissed with prejudice.[3]

23

24    [2]  The matter was reassigned to District Judge Mueller by order filed January 20, 2011.
    (Dckt. no. 29.)

25

26    [3]  The motion to strike should accordingly be denied as moot.

2

On February 10, 2011, plaintiff's filed a motion to disqualify certain defendants' counsel and a motion to stay hearing on the motions to dismiss pending resolution of the motion to disqualify. (Dckt. nos. 34, 35). At the hearing on the motions to dismiss, the court inquired of plaintiffs as to the basis for their motion to disqualify. Plaintiffs failed to articulate any proper basis for disqualification of counsel and the motion is accordingly denied.

I.    BACKGROUND

The loan at issue was made by E-Loan to plaintiffs on September 20, 2004, for the purpose of plaintiffs purchasing a residential property in Grass Valley, California. See Defendants' Request for Judicial Notice ("DRJN"), Ex. 3.[4] The trustee named in the deed of trust was Lenders First Choice, and MERS was named as the beneficiary. DRJN, Ex. 2. At the hearing on this matter, counsel for defendant Wells Fargo clarified that Wells Fargo was a successor-in-interest to E-Loan and not merely a servicer of the loan. Defendant John Kennerty is alleged to be Wells Fargo's agent. Adversary complaint at 21:8-9. Defendant Cal-Western Reconveyance was substituted as trustee. DRJN, Ex. 10. Defendant LSI is Cal-Westerns' limited agent solely to sign and present for recording Notices of Default and Notices of Sale and defendant Marquez is an employee of LSI and was the signatory of the Notice of Default at issue in this matter. DRJN, Ex. 7.

////

---

[4] The Wells Fargo defendants request judicial notice of documents filed in a prior action and documents recorded by the Nevada County Recorder. On a motion to dismiss, the court may consider matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). A court may take judicial notice of its own files and documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims). Accordingly, defendants' request for judicial notice of official records, including court records, is granted.

1    II.    LEGAL STANDARDS

2          A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

3    challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

4    Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

5    of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

6    plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see

7    also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a

8    motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

9    to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d

10   1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim

11   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

12   reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v.

13   Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at

14   1949).  The court accepts all of the facts alleged in the complaint as true and construes them in

15   the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).

16   The court is "not, however, required to accept as true conclusory allegations that are contradicted

17   by documents referred to in the complaint, and [the court does] not necessarily assume the truth

18   of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen,

19   559 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se

20   pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of

21   deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all

22   possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31

23   (9th Cir. 2000) (en banc).

24          In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally

25   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

26

4

1   matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont,

2   506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  The court may

3   consider judicially noticeable court records to determine the preclusive effect of prior decisions

4   without converting a motion to dismiss to a motion for summary judgment.  See, e.g., Shaw v.

5   Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

6           A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's

7   compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a

8   claim.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b),

9   which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must

10  state with particularity the circumstances constituting fraud or mistake.  Malice, intent,

11  knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P.

12  9(b).  These circumstances include the "'time, place, and specific content of the false

13  representations as well as the identities of the parties to the misrepresentations.'"  Swartz v.

14  KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park,

15  Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120,

16  1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when,

17  where, and how' of the misconduct charged" (citation and quotation marks omitted).).  "Rule

18  9(b) demands that the circumstances constituting the alleged fraud be specific enough to give

19  defendants notice of the particular misconduct . . . so that they can defend against the charge and

20  not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (citing Bly-Magee

21  v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted and

22  modification in original).

23  ////

24  ////

25  ////

26

III.     DISCUSSION

A.     Res Judicata

Defendants Wells Fargo and Kennerty contend the instant litigation against them is barred by res judicata.  Defendants' contention is well taken.  Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"  Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)).  Stated differently, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action."  Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); accord Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."); Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  The party seeking to apply claim preclusion bears the burden of demonstrating that "there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties."  Cell Therapeutics, Inc., 586 F.3d at 1212 (citation and quotation marks omitted); accord Stewart, 297 F.3d at 956; see also Taylor, 553 U.S. at 907 (stating that because claim preclusion is an affirmative defense, the party asserting the doctrine bears the burden of establishing all necessary elements).

Here, there is an identity of claims between the instant action and the prior action of Solomon v. E-Loan, No. 2:10-cv-00257 JAM KJM PS.  The court examines "four factors to determine whether there is an 'identity of claims': . . . (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence

1   is presented in the two actions." <u>ProShipLine Inc. v. Aspen Infrastructures Ltd.</u>, 609 F.3d 960,

2   968 (9th Cir. 2010) (emphasis omitted).  "Whether two suits arise out of the same transactional

3   nucleus depends upon whether they are related to the same set of facts and whether they could

4   conveniently be tried together."  <u>Id.</u> (citations, quotation marks, and emphasis omitted).

5   "Reliance on the transactional nucleus element is especially appropriate because the element is

6   'outcome determinative.'"  <u>Id.</u> (quoting <u>Mpoyo v. Litton Electro-Optical Sys.</u>, 430 F.3d 985, 987

7   (9th Cir. 2005)); <u>see</u> <u>also</u> <u>Int'l Union of Operating Engineers-Employers Constr. Indus. Pension,</u>

8   <u>Welfare & Training Trust Funds v. Karr</u>, 994 F.2d 1426, 1430 (9th Cir. 1993) (collecting cases

9   using the same nucleus of operative facts as the exclusive factor to bar a second action under the

10   claim preclusion doctrine).

11          The gravamen of the complaint in the instant action is that defendants violated the

12   law in the course of lending plaintiffs money to purchase a residence.  The conclusion that

13   plaintiffs' two actions involve the same claims is established because the two cases arise out of

14   the same transactional nucleus of facts, the rights established in the prior action would be

15   destroyed if plaintiffs were to prevail in the adversary action against Wells Fargo, the adversary

16   claim involves alleged infringement of the same property and contract rights pertaining to

17   plaintiffs' residential property loan secured by a deed of trust, and the same evidence is presented

18   in both actions, as is apparent from the exhibits submitted by plaintiffs in the prior action and the

19   exhibits submitted in the pending action, which are the same.  <u>See</u> <u>Adams v. Cal. Dep't of Health</u>

20   <u>Servs.</u>, 487 F.3d 684, 689 (9th Cir. 2007).  Moreover, all claims raised now in the adversary

21   action, save for the claim related to an allegedly defective notice of default and trustee sale, could

22   have been raised in the prior action and are thus precluded by res judicata.  <u>Federated Dep't</u>

23   <u>Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981).[5]

24   ────────────────────

25          [5]  The one claim against Wells Fargo that could not have been raised in the prior action
     arises out of the Notice of Trustee's Sale of plaintiffs' home and plaintiffs' attempt herein to

26   quiet title.  Arguably, this claim could have been raised in the prior action because the Notice of

1       As to the second claim preclusion element, the order in the first <u>Solomon</u> action

2   granted defendant Wells Fargo's motion to dismiss with prejudice, which constitutes a "final

3   judgment on the merits."  The Ninth Circuit Court of Appeals has held that a dismissal with

4   prejudice entered pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

5   on which relief can be granted is a "judgment on the merits" to which the doctrine of claim

6   preclusion applies.  <u>Stewart</u>, 297 F.3d at 957 (citing <u>Federated Dep't Stores v. Moitie</u>, 452 U.S.

7   394, 399 n.3 (1981)); <u>see also</u> <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d

8   683, 686 (9th Cir. 2005); <u>Gasho v. United States</u>, 39 F.3d 1420, 1438 n.17 (9th Cir. 1994).  Here,

9   the district court dismissed the action against defendant Wells Fargo in the first Solomon case

10   with prejudice after addressing the merits of plaintiff's claims and judgment was entered thereon.

11   Accordingly, this second factor supports dismissal on claim preclusion grounds.

12       Defendants also meet the last element of the claim preclusion doctrine, i.e.

13   identity or privity between the parties.  Generally stated, "'[p]rivity' . . . is a legal conclusion

14   designating a person so identified in interest with a party to former litigation that he represents

15   precisely the same right in respect to the subject matter involved." <u>Headwaters Inc. v. U.S.</u>

16   <u>Forest Serv.</u>, 399 F.3d 1047, 1052-53 (9th Cir. 2005) (citation and quotation marks omitted,

17   second modification in original).  The Ninth Circuit Court of Appeals has stated that "[p]rivity,

18   traditionally, arose from a limited number of legal relationships in which two parties have

19   identical or transferred rights with respect to a particular legal interest." <u>Id.</u> at 1053.

20   ─────────────────

21   Trustee's Sale was recorded June 14, 2010 (DRJN, Ex. 8) and judgment was not entered in the
     prior <u>Solomon</u> action until June 25, 2010.  However, the motion to dismiss was submitted April
22   7, 2010, prior to the Notice of Trustee's sale, and the court will assume, without deciding, that
     for purposes of this one claim, res judicata is not a bar.  Even without the bar, plaintiffs' claim
23   cannot lie.  As in the prior action, plaintiffs fail to assert tender, a necessary prerequisite for any
     claim to quiet title.  <u>Sipe v. McKenna</u>, 88 Cal.App.2d 1001, 1006 (1948); <u>see also</u> <u>Aguilar v.</u>
24   <u>Bocci</u>, 39 Cal.App.3d 475, 477 (1974) (debtor cannot quiet title without discharging debt).
     Moreover, any claim based on a purported failure to comply with Cal. Civ. Code § 2923.52
25   (Adversary Comp. ¶ 91) cannot lie inasmuch as Wells Fargo is an entity exempt from the
     provisions of this statute.  (DRJN, Ex. 9.)
26

1    Here, Wells Fargo is the identical defendant in both actions.  Defendant Kennerty

2    is in privity with defendant Wells Fargo as he is alleged to be an agent of Wells Fargo and was

3    allegedly acting on Wells Fargo's behalf.  Adams v. Cal. Dep't of Health Servs., 487 F.3d 684,

4    691-92 (9th Cir. 2007) (agents and employees in sufficient privity to invoke res judicata).

5    Accordingly, there is an identity of parties or privity among parties that satisfies the final element

6    of the claim preclusion doctrine.

7    Based on the foregoing, the undersigned concludes that the doctrine of claim

8    preclusion applies to plaintiff's present lawsuit against defendants Wells Fargo and Kennerty.

9    Accordingly, this action should be dismissed with prejudice as to those defendants.

10    B.    Failure to State a Claim

11    The remaining defendants contend plaintiffs' causes of action are either time

12    barred or fail to state a claim.  These contentions are well taken.  The adversary complaint

13    comprises 63 pages and alleges ten causes of action, all arising out of plaintiffs' contentions that

14    defendants violated the law in the course of loaning plaintiffs money that plaintiffs could not

15    repay due to the amount of their income.  In a generally rambling nature, plaintiffs also contend

16    that a separate secret ("straw") loan was created.  At the hearing on this matter, plaintiffs failed to

17    elucidate how the alleged secret loan caused them to default on the original loan.  Nor did

18    plaintiffs contend at the hearing that payments were not properly posted to the account for the

19    original loan.  As explained below, each of plaintiffs' variously styled causes of action fails to

20    state a claim, and the undersigned recommends that plaintiffs' claims be dismissed pursuant to

21    Federal Rule of Civil Procedure 12(b)(6).

22    1.    Claims Relating to Loan Origination

23    With respect to any claims based on loan origination, defendants are correct that

24    such claims are time barred.  The loan at issue originated on September 15, 2004.  DRJN Ex. 2.

25    This action was filed August 9, 2010.  Any claim premised on fraud is barred by the three year

26

1   statute of limitations provided under California Code of Civil Procedure § 338(d), and the claim

2   under California Business and Professions Code § 17200, the California Unfair Competition Law

3   ("UCL"), is barred by the four year statute of limitations provided by Business & Professions

4   Code § 17208.[6]

5           2.   Fraud Claims

6           As discussed above, any claim of fraud pertaining to alleged misrepresentations in

7   the origination of the loan are barred by the statute of limitations.  To the extent plaintiffs are

8   claiming fraud at a later time, the complaint fails to state a claim.[7]  The elements of a fraud claim

9   under California law are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the

10  intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5)

11  resulting damage."  Conroy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255, 203 P.3d 1127,

12  1135 (2009); accord Lazar v. Superior Court, 12 Cal. 4th 631, 638, 909 P.2d 981, 984 (1996).  In

13  addition, as stated above, a claim for fraud must be pled with particularity, see Fed. R. Civ. P.

14  9(b).  At the very least, a plaintiff alleging fraud must plead evidentiary facts such as the time,

15  place, persons, statements, and explanations of why allegedly misleading statements were

16  misleading.  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994).  The Ninth

17  Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific

18  content of the false representations as well as the identities of the parties to the

19  misrepresentation."  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988).

20  See also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be

21

22          [6]  The court in the prior Solomon action also found plaintiffs' claims were barred by the
    applicable statutes of limitations and that plaintiffs were not entitled to equitable tolling.
23  Solomon, 2:10-cv-257, dckt. no. 45 at 2:17-3:4.  Because plaintiffs' claims were already stale at
    the commencement of the prior litigation, they are not entitled in this action to a period of tolling
24  during the pendency of the prior litigation

25          [7]  The adversary complaint alleges causes of action premised on fraud in the first, ninth
    and tenth causes of action.

26

1    accompanied by 'the who, what, when, where, and how' of the misconduct alleged").  When

2    asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . .  The

3    plaintiff must 'allege the names of the persons who made the allegedly fraudulent

4    representations, their authority to speak, to whom they spoke, what they said or wrote, and when

5    it was said or written.'"  Lazar, 12 Cal. 4th at 645 (quoting Tarmann v. State Farm Mut. Auto.

6    Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).  See also Spencer v. DHI Mortgage Co., No. CV F

7    09-0925 LJO DLB, 2009 WL 1930161, at *6 (E.D. Cal. June 30, 2009).

8            Here, the allegations in plaintiffs adversary complaint do not support a claim of

9    fraud.  Plaintiffs fail to identify any misrepresentation that could provide the basis for such a

10   claim.  Plaintiffs' fraud claim fails to plead even minimal evidentiary facts, and plaintiffs have

11   not demonstrated that they can allege such facts against any defendant.  Moreover, the adversary

12   complaint does not meet the particularity requirement of Rule 9(b).  The complaint alleges fraud

13   generally and does not specify the who, what, when, where, and how of the misconduct charged.

14   Accordingly, the undersigned recommends that plaintiffs' claims of fraud be dismissed.

15                      3.  Fiduciary Duty Claim

16           Plaintiffs' second cause of action alleges that defendants owed a fiduciary duty to

17   plaintiffs, and that defendants breached that duty by making a profit in providing a loan to

18   plaintiffs.  "The elements of a cause of action for breach of fiduciary duty are: 1) the existence of

19   a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage."  Pellegrini v. Weiss,

20   165 Cal. App.4th 515, 524 (2008).  "A fiduciary or confidential relationship can arise when

21   confidence is reposed by persons in the integrity of others, and if the latter voluntarily accepts or

22   assumes to accept the confidence, he or she may not act so as to take advantage of the other's

23   interest without that person's knowledge or consent."  Pierce v. Lyman, 1 Cal. App.4th 1093,

24   1101-02 (1991).  "The relationship between a lending institution and its borrower-client is not

25   fiduciary in nature."  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App.3d 1089, 1093

26

1    n.1, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower

2    when the institution's involvement in the loan transaction does not exceed the scope of its

3    conventional role as a mere lender of money."); see also Oaks Management Corp. v. Superior

4    Court, 145 Cal. App.4th 453, 466 (2006) (absent special circumstances, a loan transaction is at

5    arms-length and there is no fiduciary relationship between the borrower and lender).  Rather, a

6    commercial lender is entitled to pursue its own economic interests in a loan transaction.  Nymark,

7    231 Cal. App.3d at 1093 n.1 (citing Kruse v. Bank of America, 202 Cal. App.3d 38, 67 (1988)).

8            According to plaintiff, all defendants are mortgage lenders or their nominees or

9    agents.  Thus, any breach of fiduciary duty claim is subject to dismissal because, as mortgage

10   lenders, these defendants had no fiduciary duty to plaintiff, absent special circumstances.

11   Plaintiffs have not alleged any facts suggesting the existence of special circumstances such that a

12   fiduciary relationship between plaintiffs and defendants was created, i.e., facts suggesting that the

13   defendants' involvement in the loan transaction exceeded the scope of the conventional role as a

14   mere money lender.  Instead, plaintiffs' complaint contains only bare conclusory allegations,

15   which are insufficient to withstand a motion to dismiss.  See Twombly, 550 U.S. at 555-56.

16                    4.  Breach of Contract Claim

17           In the third claim for relief, plaintiffs allege defendants breached their agreement

18   with plaintiffs by providing plaintiffs a loan they could not afford to repay.  Plaintiffs also rely on

19   the same allegations regarding fraud to support this claim.  To state a claim for breach of

20   contract, plaintiffs must allege (1) the existence of a contract; (2) plaintiffs' performance or

21   excuse for the nonperformance of the contract; (3) defendants' breach of the contract; and (4)

22   resulting damages.  Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th

23   1375, 1390 (2004).  Plaintiffs' allegations meet none of these elements.  Plaintiffs fail to set forth

24   the material terms of the contract or why plaintiffs are excused from performance of repaying the

25   loan proceeds.  The bare assertion that defendants should have provided a loan on better terms

26

1  does not allege a breach of contract and this cause of action should accordingly be dismissed.

2               5.  Claim For Breach of the Covenant of Good Faith and Fair Dealing

3           Plaintiffs' fourth claim for relief premised on breach of the covenant of good faith

4  and fair dealing is based on the allegation that defendants wrongfully loaned money to plaintiffs

5  that plaintiffs could not afford to repay and that some nebulous "straw" loan was created by

6  defendants.  "To establish a breach of an implied covenant of good faith and fair dealing, a

7  plaintiff must establish the existence of a contractual obligation, along with conduct that

8  frustrates the other party's rights to benefit from the contract."  <u>Fortaleza v. PNC Fin. Servs.</u>

9  <u>Group, Inc.</u>, 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing <u>Racine & Laramie v. Dep't</u>

10  <u>of Parks & Rec.</u>, 11 Cal. App. 4th 1026, 1031 (1992)).  The "implied covenant of good faith and

11  fair dealing is limited to assuring compliance with the express terms of the contract, and cannot

12  be extended to create obligations not contemplated by the contract."  <u>Pasadena Live, LLC v. City</u>

13  <u>of Pasadena</u>, 114 Cal. App.4th 1089, 1093-94 (2004).  <u>See</u> also <u>Guz v. Bechtel Nat. Inc.</u>, 24 Cal

14  4th 317, 349-50 (2000)  "[T]he implied covenant will only be recognized to further the contract's

15  purpose; it will not be read into a contract to prohibit a party from doing that which is expressly

16  permitted by the agreement itself."  <u>Wolf v. Walt Disney Pictures and Television</u>, 162 Cal.

17  App.4th 1107, 1120 (2008).

18           Defendants had no duty to disclose to plaintiffs that they might not have the

19  ability to repay their loan.  <u>See</u> <u>Cross v. Downey Savings & Loan Ass'n</u>, No. CV 09-317 CAS

20  (Ssx), 2009 WL 481482, at *5 (C.D. Cal. Feb 23, 2009) (citing <u>Nymark</u>, 231 Cal. App. 3d at

21  1096); <u>see</u> <u>also</u> <u>Davidson v. Countrywide Home Loans, Inc</u>, No. 09-CV-2694-IEG (JMA), 2010

22  WL 2925440, at *9 (S.D. Cal. July 23, 2010) ("[T]o the extent Plaintiffs bases this claim on the

23  contention that Countrywide gave Davidson a loan she could not afford, this claim would fail.");

24  <u>Camillo v. Washington Mutual Bank, F.A.</u>, No. 1:09-CV-1548 AWI SMS, 2009 WL 3614793, *

25  7 (E.D. Cal. Oct. 27, 2009) ("Thus, Defendants had no duty to disclose to [Plaintiffs] that [they]

26

1  did not have the ability to repay the loan.").  There was no violation of the implied covenant in

2  the actions taken by defendants in foreclosing on the loan—rights which were granted under the

3  contract.  See Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 479 (1989).  Moreover, the

4  implied covenant does not apply to pre-contract negotiations.  McClain v. Octagon Plaza, LLC,

5  159 Cal.App.4th 784, 799 (2008).  Plaintiffs fail to set forth how the alleged creation of a "straw"

6  loan caused them to default on the loan at issue in this litigation.  Plaintiffs simply do not set

7  forth a plausible claim for breach of the implied covenant of good faith and fair dealing.

8  Accordingly, defendants' motion to dismiss this cause of action should be granted.

9  6.  Negligence Claim

10  Plaintiffs' fifth cause of action purports to allege a negligence claim.  Under

11  California law, in the absence of a duty of care owed to plaintiff by defendant, a negligence claim

12  cannot lie.  Nymark v. Hearth Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1096 (1991).

13  Absent special circumstances, which are not alleged here, a lender does not owe a borrower any

14  duties beyond those expressed in the loan agreement.  See Resolution Trust Corp. v. BVS Dev.,

15  42 F.3d 1206, 1214 (9th Cir. 1994); see also Nymark, 231 Cal.App.3d at 1096 (special

16  circumstances arise when lender actively participates in the financed enterprise beyond domain

17  of the usual money lender).  Because the loan at issue was a routine residential loan secured by a

18  deed of trust, plaintiffs cannot plead the special circumstances necessary for a negligence cause

19  of action.  Accordingly, this claim should be dismissed.

20  7.  Claim of Unfair Competition Under Cal. Bus. & Prof. Code § 17200

21  In the sixth cause of action, plaintiffs allege a claim under the Unfair Competition

22  Law ("UCL"), California Business and Professions Code § 17200.  To bring a claim under the

23  UCL, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result of

24  the unfair competition."  Cal. Bus. & Prof. Code § 17204.  This statutory limitation requires that

25  a plaintiff show he has suffered losses capable of restitution.  Buckland v. Threshold Enters.,

26

1    Ltd., 155 Cal. App.4th 798, 817 (2007).  Restitution is only possible if the UCL claim can

2    "restore to any person any money or property, real or personal, which may have been acquired by

3    means of such unfair competition."  Cal. Bus. & Prof. Code § 17203.  Here, plaintiffs have failed

4    to state a claim for damages under another statute which would provide a basis for pursuing a

5    claim under § 17200.  See Kariguddaiah v. Wells Fargo Bank, N.A., No. C 09-5716 MHP, 2010

6    WL 2650492, at *7 (N.D. Cal. July 1, 2010) (dismissing § 17200 claim due to plaintiff's failure

7    to state a claim for either breach of contract or wrongful foreclosure upon which the § 17200

8    claim was based); Powell v. Residential Mortgage Capital, No. C 09-04928 JF (PVT), 2010 WL

9    2133011, at * 9 (N.D. Cal. May 24, 2010) (same); see also Berryman v. Merit Property Mgmt.

10   Inc., 152 Cal. App. 4th 1544, 1554 (2007) ("Thus, a violation of another law is a predicate for

11   stating a cause of action under" § 17200); Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1505

12   (1999) (§ 17200 "borrows violations of other laws . . . and makes those unlawful practices

13   actionable").  Nor have plaintiffs stated a claim of any other unfair or fraudulent conduct on the

14   part of defendants that could give rise to a claim under this provision.  See Chavez v. Bank of

15   America, N.A., No. CV-F-09-2133 OWW/SKO, 2010 WL 1854087, at *19-20 (E.D. Cal. May 6,

16   2010) (discussing the "unfairness," as opposed to "unlawful," prong of §§ 17200, et seq.)  The

17   court therefore finds that plaintiffs have failed to state a plausible claim for relief under

18   California Business and Professional Code §§ 17200, et seq.

19                  8.  Quiet Title Claim

20                  Plaintiffs also seek to quiet title, contending that defendants' actions have created

21   a cloud on the title to their property.  To the extent plaintiffs by this cause of action are trying to

22   set aside any foreclosure sale of their property, such a claim cannot lie in that plaintiffs fail to

23   allege tender of the full amount owed on the loan.  See Pantoja v. Countrywide Home Loans,

24   Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set

25   aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender

26

                                          15

1    [offer] of payment of the indebtedness" (citations and quotation marks omitted).); see also

2    Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid

3    and viable tender of payment of the indebtedness owing is essential to an action to cancel a

4    voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d

5    112, 92 Cal. Rptr. 851 (Ct. App. 1971)).  Similarly, any claim to quiet title cannot lie in the

6    absence of tender.  See Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (mortgagor cannot

7    quiet his title against the mortgagee without paying the debt secured); see also Aguilar v. Bocci,

8    39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d

9    1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their

10   obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title.").

11   Plaintiffs' quiet title claim should therefore be dismissed.

12              9.  RICO Claim

13              Plaintiffs' eighth cause of action is for violation of the Civil RICO Act.  To state a

14   cause of action under RICO, 18 U.S.C. § 1962(c), a plaintiff must allege (1) conduct (2) of an

15   enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's

16   business or property.  Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361

17   (9th Cir. 2005).  In the adversary complaint, plaintiffs have not alleged the existence of a RICO

18   enterprise and have not identified predicate acts allegedly committed by defendants.  See Sedima,

19   S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).  Plaintiffs' attempt to cast this action as a RICO

20   case is deficient in that the predicate acts of racketeering activity simply do not exist.  The

21   activity underlying plaintiffs' claims was a simple loan transaction.  This is not the kind of

22   unlawful activity contemplated by the Civil RICO Act.  See 18 U.S.C. § 1961.  To the extent that

23   plaintiffs rely on defendants' allegedly fraudulent conduct as predicate acts, the allegations fail to

24   meet the particularity requirement for such a claim.  See Edwards v. Marin Park, Inc., 356 F.3d

25   1058, 1065-66 (9th Cir. 2004).  The RICO claim should therefore be dismissed.

26

As discussed above, all of plaintiffs' causes of action fail to state a claim.  In opposition to the pending motions, plaintiffs proffer no facts which would suggest amendment of the complaint would be anything other than futile.  Similarly, at the hearing on the pending motions, the court explored at some length with plaintiffs whether any facts could be proffered to cure the deficiencies in their complaint and they were unable to make such a proffer.  After careful review of the plaintiffs' pleadings, the undersigned concludes amendment would be futile and the motions to dismiss should be granted with prejudice.  In light of this conclusion, the motion to strike is moot and should be denied accordingly.

IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiffs' motion to disqualify, motion to stay, and motion for relief from minute orders (Dckt. nos 34, 35 and 46) are denied; and

IT IS RECOMMENDED that:

1.  Defendants' motions to dismiss and joinder therein (Dckt. nos. 21, 24, and 44) be granted;

2.  The motion to strike (Dckt. no. 22) be denied as moot;

3.  This action be dismissed with prejudice;

4.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to

1    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2    DATED:  March 29, 2011

3

4

                      _____

5                       KENDALL J. NEWMAN
                      UNITED STATES MAGISTRATE JUDGE

6    Solomon-bk.57.kjn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26